**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

| | |
|---|---|
| **JANE DOE,** | |
| *Plaintiff,* | |
| **v.** | **Case No.: 1:23-cv-1418** |
| **MARCO'S FRANCHISING, LLC,** | **JURY TRIAL DEMANDED** |
| **and** | |
| **PIECE OF THE PIE, LLC** d/b/a **MARCO'S PIZZA,** | |
| *Defendants.* | |

## <u>COMPLAINT</u>

COMES NOW Plaintiff, Jane Doe ("Ms. Doe"), and files this Complaint against Defendants, Marco's Franchising, LLC  ("Marco's Franchising") and Piece of the Pie, LLC d/b/a Marco's Pizza ("Piece of the Pie") (collectively  "Defendants"), alleging retaliation and a hostile work environment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*., and the Virginia Human Rights Act, V.A. Code § 2.2-3900 *et seq*.; and assault, battery, and negligent retention in violation of the laws of the Commonwealth of Virginia.

## <u>JURISDICTION AND VENUE</u>

1. Federal question subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1343; 42 U.S.C. § 1981, 42 U.S.C. § 1988, and 42 U.S.C. § 2000e.

2. Supplemental jurisdiction is proper pursuant to 28 U.S.C. § 1367.

3. The Court has personal jurisdiction over Defendants because they conduct business throughout the Commonwealth of Virginia.

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because all the events, acts, and omissions giving rise to Ms. Doe's claims occurred in the Eastern District of Virginia.

## PARTIES

5.      Plaintiff, Ms. Doe, is an individual and resident of Loudoun County, Virginia. At all times relevant to the facts alleged in this lawsuit, she was employed by Defendants. Because Plaintiff was seventeen (17) years old at the time of the facts alleged in this Complaint, and because of the sexual, intimate, sensitive, and embarrassing nature of the allegations, Plaintiff is referred to herein as "Jane Doe" to protect her privacy.

6.      Defendant Piece of the Pie, LLC d/b/a Marco's Pizza is a limited liability corporation registered with the Virginia State Corporation Commission with a registered office address located at 10510 Oak Place, Fairfax, VA 22030. Defendant Piece of the Pie operates multiple Marco's Pizza franchises in Virginia.

7.      Defendant Marco's Franchising, LLC is a limited liability corporation headquartered in Ohio. Defendant Marco's Franchising, LLC licenses over 1,000 Marco's Pizza locations across the country.

## ADMINISTRATIVE EXHAUSTION

8.      Within three hundred (300) days of the illegal conduct of which she complains, Ms. Doe filed Charges of Discrimination against Defendants with the Equal Employment Opportunity Commission (EEOC) on November 20, 2022 (s*ee* **Exhibit A**). These Charges were also cross-filed with the Virginia Human Rights Commission.

9.      After more than one hundred and eighty (180) days, the EEOC issued Ms. Doe Notices of Right to Sue for on September 18 and September 20, 2023 (s*ee* **Exhibit B).** Ms. Doe

requested Notices of Right to Sue from the Virginia Human Rights Commission on September 29, 2023, and is awaiting these notices.

10.    Ms. Doe has satisfied all administrative prerequisites for bringing this action.

## STATEMENT OF FACTS

### Piece of the Pie, LLC d/b/a Marco's Pizza
### Hired Ms. Doe (17 years old) as a Part Time Associate

11.    Maroc's Pizza is a national fast-food chain. Marco's Franchising, LLC sells Marco's Pizza franchises to franchisors across the United States.

12.    In approximately 2016, Joan Von Herbulis formed Piece of the Pie, LLC d/b/a Marco's Pizza.

13.    Piece of the Pie owns and operates two Marco's Pizza franchises in Virginia: one in Chantilly, Virginia and one in Ashburn, Virginia.

14.    Piece of the Pie, LLC hired Ms. Doe in January 2022 as a part-time associate at its Chantilly, Virginia store.

15.    Ms. Doe was born in 2004 and was seventeen (17) years old at the time of her hire. Ms. Doe turned eighteen (18) in November 2022.

16.    Ms. Doe was enrolled in high school during the 2022-2023 school year and graduated from high school in May 2023.

17.    Ms. Doe's responsibilities included preparing pizzas, responding to customer inquiries in person and over the phone, and cleaning the store. Her skills were frequently praised by her supervisors and customers.

18.    Ms. Doe and several of her coworkers were hired on a part-time basis to accommodate their high school schedule.

19.     During the school year, Ms. Doe and other high schoolers frequently worked only on weekends or occasional weeknights due to their school schedule.  During summer, Ms. Doe and her coworkers had larger availability to work more hours.

20.     No one from Marco's Pizza ever indicated accommodating the high schoolers' schedule was a problem; Marco's Pizza welcomed high school employees with full knowledge of their school schedules.

**<u>Mr. John Walters (19 years old) Groped Ms. Doe's Breasts and Propositioned Her</u>**

21.     Prior to 2022, Piece of the Pie hired Mr. John Walters (19 years old in 2022) as a dishwasher and delivery driver at its Chantilly, Virginia store.

22.     In May 2022, Mr. Walters began to target Ms. Doe, including making progressively more invasive and sexual comments towards Ms. Doe.

23.     Mr. Walters asked Ms. Doe to come to his house and offered to give Ms. Doe massages. Mr. Walters specifically offered to massage Ms. Doe's inner thighs.

24.     Mr. Walters attempted to rub and massage Ms. Doe's shoulders during shifts and attempted to scratch Ms. Doe's head while she was on the phone with customers.

25.     Mr. Walters repeatedly begged Ms. Doe to visit him at his home to "get a massage." Mr. Walters also asked Ms. Doe to lie to her parents about where she was when visiting his home and suggested she tell her parents the two were "playing video games."

26.     Ms. Doe did not reciprocate Mr. Walters' advancements and often spoke with coworkers about how uncomfortable his actions made her. For example, Ms. Doe texted her coworker, Grant Bohdie, that Mr. Walters was a "perv."

27.     Ms. Doe actively attempted to avoid being alone with Mr. Walters.

28.     Ms. Doe was very alarmed and creeped-out by Mr. Walters' advancements; Ms. Doe never flirted with Mr. Walters or encouraged his advancements in any way.

29.     One day in late July 2022, Mr. Walters approached Ms. Doe when she was alone in the back of the store.

30.     Mr. Walters began talking to Ms. Doe about his girlfriend and commenting on his girlfriend's breast size, specifically, how large his girlfriend's breasts were.

31.     Mr. Walters stated that he wanted to compare his girlfriend's breast size to that of Ms. Doe's. Then, without warning or consent, Mr. Walters grabbed one of Ms. Doe's breasts and said, "yours aren't small."

32.     Shocked, Ms. Doe jerked away from Mr. Walters and fled the area.

33.     To Ms. Doe's knowledge, Mr. Walters' employment with Piece of the Pie was scheduled to conclude in late July or early August 2022.

34.     Ms. Doe did not immediately complain about Mr. Walters' advances because she was scared, embarrassed, and because she believed his employment with Marco's Pizza was scheduled to conclude in a few days/weeks.

35.     On his last scheduled day, Mr. Walters again tried to grab Ms. Doe's breasts. Ms. Doe told him to stop. Mr. Walters asked, "why?" and Ms. Doe declared she "did not do that" with strangers or in public. Ms. Doe then retreated from the area to avoid further unwanted advances.

36.     After that, Mr. Walters was not scheduled to work at Marco's Pizza for two (2) or three (3) weeks and Ms. Doe believed he had resigned or was terminated.

37.     During these weeks, Mr. Walters continued to come to the Marco's Pizza store to buy pizza, which caused Ms. Doe extreme fear and distress.

38.     On or about August 14, 2022, Ms. Doe observed that Mr. Walters was scheduled to return to work at Marco's Pizza. Ms. Doe was confused because she thought Mr. Walters had been terminated or quit. Ms. Doe wad terrified that she would be subjected to further, unwanted advances from Mr. Walters.

### Ms. Doe Complained about Unwanted, Sexual Advances in the Workplace

39.     On August 14, 2022, Ms. Doe complained to the store's general manager, Brandon Atkins ("Mr. Atkins") that Mr. Walters grabbed her sexually without her consent on multiple occasions.

40.     Ms. Doe had previously discussed with Mr. Atkins how Mr. Walters made her uncomfortable. Ms. Doe had also previously explained to Mr. Atkins that Mr. Walters was a "perv."

41.     Ms. Doe explained how the thought of working with Mr. Doe caused her great emotional distress and asked not to be scheduled to work at the same time as Mr. Walters.

42.     Mr. Atkins admitted that Mr. Walters' conduct was "weird as fuck," "not acceptable," and that Mr. Walters was a "creep," but refused to schedule Ms. Doe at alternate times than Mr. Walters. Mr. Atkins said Mr. Walters' schedule was more important because he worked five days a week, while, in contrast, Ms. Doe would soon only be able to work part-time again due to her school schedule.

43.     Mr. Atkins told Ms. Doe that he did not know how to address the situation and that she should reach out to the store owner, Joan Von Herbulis ("Ms. Von Herbulis").

44.     On August 16, 2022, Ms. Doe contacted Ms. Von Herbulis by phone and text about Mr. Walters' inappropriate, non-consensual sexual contacts and informed Ms. Von Herbulis that Mr. Atkins had refused to schedule her on opposite shifts than Mr. Walters.

45.     Ms. Von Herbulis told Ms. Doe that she would take care of the situation, saying that she "should have told [Atkins] to keep [her] out of the dish pit," and that forcing Ms. Doe to continue working in the unsafe environment created by Mr. Walters was a "good way to get sued."

### Piece of the Pie, LLC Terminated Ms. Doe After She Complained

46.     On August 19, 2022, Mr. Atkins terminated Ms. Doe, claiming that he could no longer accommodate her high school schedule.

47.     No other high school employees with the same work restrictions were terminated. Other high school students, including Ethan, Savion, Grant, Yasmin, Kira, and Sara continued to be employed, despite their limited schedules during the school year.

48.     Ms. Doe attempted to contact Ms. Von Herbulis regarding her termination, but Ms. Von Herbulis never responded.

### COUNT I
### TITLE VII - RETALIATION
### [42 U.S.C. § 2000e-3]

49.     Ms. Doe incorporates by reference paragraphs 11 to 48.

50.     Title VII states that it is unlawful "for an employer to discriminate against any of his employees . . ., because he has opposed any practice made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e-3.

51.     Defendants are "employers" covered by Title VII. Piece of the Pie is an "employer" under Title VII because it employs at least fifteen (15) employees across its multiple Marco's Pizza stores.

52.     On August 14, 2022, Ms. Doe engaged in protected activity by reporting Mr. Walters' non-consensual sexual advances to Mr. Atkins.

53.     On August 16, 2022, Ms. Doe engaged in protected activity by reporting Mr. Walters' non-consensual sexual advances to Ms. Von Herbulis.

54.     On August 19, 2022, Defendants terminated Ms. Doe's employment.

55.     Ms. Doe's protected activity and her termination were causally connected and not wholly unrelated.

56.     The temporal proximity between Ms. Doe's protected activity and Defendants' decision to terminate Ms. Doe are adequate to establish a causal connection.

57.     Additionally, Defendants did not terminate other high school students because of their schedule.

58.     As an actual and proximate cause of Defendants' conduct, Ms. Doe suffered emotional distress, embarrassment, humiliation, and lost wages.

59.     Due to Defendants' intentional disregard of Ms. Doe's federally protected rights under Title VII, Ms. Doe seeks punitive damages, in addition to nominal and compensatory damages to compensate her for harm inflicted by Defendants, Ms. Doe seeks backpay with pre- and post-judgment interest, as well as compensation for emotional distress and repayment of her attorneys' fees and expenses.

## COUNT II
### VHRA – RETALIATION
### [VA Code § 2.2-3905(B)(1)]

60.     Ms. Doe incorporates by reference paragraphs 11 to 48.

61.     The VHRA prohibits retaliation against employees who engage in protected activity. VA Code. § 2.2-3905(B)(1).

62.     Defendants are "employers" covered by the VHRA. Piece of the Pie is an "employer" under VHRA because it employs at least fifteen (15) employees across its multiple Marco's Pizza stores.

63. On August 14, 2022, Ms. Doe engaged in protected activity by reporting Mr. Walters' non-consensual sexual advances to Mr. Atkins.

64. On August 16, 2022, Ms. Doe engaged in protected activity by reporting Mr. Walters' non-consensual sexual advances to Ms. Von Herbulis.

65. On August 19, 2022, Defendants terminated Ms. Doe's employment.

66. Ms. Doe's protected activity and her termination were causally connected and not wholly unrelated.

67. The temporal proximity between Ms. Doe's protected activity and Defendants' decision to terminate Ms. Doe are adequate to establish a causal connection.

68. Additionally, Defendants did not terminate other high school students because of their schedule.

69. As an actual and proximate cause of Defendants' conduct, Ms. Doe suffered emotional distress, embarrassment, humiliation, and lost wages.

70. Due to Defendants' intentional disregard of Ms. Doe's federally protected rights under Title VII, Ms. Doe seeks punitive damages, in addition to nominal and compensatory damages to compensate her for harm inflicted by Defendants, Ms. Doe seeks backpay with pre- and post-judgment interest, as well as compensation for emotional distress and repayment of her attorneys' fees and expenses.

## COUNT III
## TITLE VII - HOSTILE WORK ENVIRONMENT
### [42 U.S.C. § 2000e]

71. Ms. Doe incorporates by reference paragraphs 11 to 48.

72. Title VII makes it unlawful to discriminate against individuals based on sex with respect to compensation, terms, conditions, or privileges of employment.

73.     Defendants are "employers" covered by Title VII. Piece of the Pie is an "employer" under Title VII because it employs at least fifteen (15) employees across its multiple Marco's Pizza stores.

74.     Ms. Doe is a female and a member of a protected class.

75.     Mr. Walters (19 years old) targeted Ms. Doe (17 years old) and pressured her to engage in unwanted, sexual contact.

76.     On numerous occasions, Mr. Walters touched Ms. Doe's shoulders and head without her consent.

77.     Mr. Walters repeatedly asked Ms. Doe to visit his home to engage in sexual activities, such as inner thigh massages.

78.     Mr. Walters groped Ms. Doe's breasts twice and made comments about her breast size.

79.     Defendants refused to schedule Mr. Walters at different times than Ms. Doe, despite Ms. Doe's requests.

80.     Defendants subjected Ms. Doe to a hostile work environment that was so severe or pervasive that no reasonable employee could have been expected to endure it.

81.     Mr. Walters' harassment was so severe or pervasive that it altered the terms and conditions of Ms. Doe's employment and created a discriminatory and abusive working environment.

82.     A reasonable, seventeen (17) year old female employee would have found Mr. Walters' conduct unwelcome and harassing. Ms. Doe found Mr. Walters' conduct unwelcome and harassing.

83.     Ms. Doe complained about the physical and verbal sexual harassment to which she was subjected, but Defendants ignored Ms. Doe's complaints. Instead, Defendants terminated Ms. Doe's employment on or about August 19, 2022.

84.     Defendants did nothing to remedy the hostile work environment of which Ms. Doe complained. Liability for Mr. Walters' conduct should be imputed to Defendants because Defendants knew of Mr. Walters' conduct and did nothing to remedy the harassment.

85.     Ms. Von Herbulis knew Mr. Walters was a threat to Ms. Doe; Ms. Von Herbulis admitted in writing she should have kept Mr. Walters away from Ms. Doe.

86.     Defendants subjected Ms. Doe to a hostile work environment based on her sex.

87.     As an actual and proximate cause of Defendants' conduct, Ms. Doe suffered emotional distress, embarrassment, humiliation, and lost wages.

88.     Due to Defendants' intentional disregard of Ms. Doe's federally protected rights under Title VII, Ms. Doe seeks punitive damages, in addition to nominal and compensatory damages to compensate her for harm inflicted by Defendants, Ms. Doe seeks backpay with pre- and post-judgment interest, as well as compensation for emotional distress and repayment of her attorneys' fees and expenses.

### COUNT IV
### VHRA- HOSTILE WORK ENVIRONMENT
### [VA Code § 2.2-3905(B)(1)]

89.     Ms. Doe incorporates by reference paragraphs 11 to 48.

90.     The VHRA makes it unlawful for an employer to discriminate against an employee with respect to their terms and conditions of employment or deprive any individual of employment opportunities because of their sex.

91.     Ms. Doe is a female and a member of a protected class.

92.     Mr. Walters (19 years old) targeted Ms. Doe (17 years old) and pressured her to engage in unwanted, sexual contact.

93.     On numerous occasions, Mr. Walters touched Ms. Doe's shoulders and head without her consent.

94.     Mr. Walters repeatedly asked Ms. Doe to visit his home to engage in sexual activities, such as inner thigh massages.

95.     Mr. Walters groped Ms. Doe's breasts twice and made comments about her breast size.

96.     Defendants refused to schedule Mr. Walters at different times than Ms. Doe, despite Ms. Doe's requests.

97.     Defendants subjected Ms. Doe to a hostile work environment that was so severe or pervasive that no reasonable employee could have been expected to endure it.

98.     Mr. Walters' harassment was so severe or pervasive that it altered the terms and conditions of Ms. Doe's employment and created a discriminatory and abusive working environment.

99.     A reasonable, seventeen (17) year old female employee would have found Mr. Walters' conduct unwelcome and harassing. Ms. Doe found Mr. Walters' conduct unwelcome and harassing.

100.     Ms. Doe complained about the physical and verbal sexual harassment to which she was subjected, but Defendants ignored Ms. Doe's complaints. Instead, Defendants terminated Ms. Doe's employment on or about August 19, 2022.

101.    Defendants did nothing to remedy the hostile work environment of which Ms. Doe complained. Liability for Mr. Walters' conduct should be imputed to Defendants because Defendants knew of Mr. Walters' conduct and did nothing to remedy the harassment.

102.    Ms. Von Herbulis knew Mr. Walters was a threat to Ms. Doe; Ms. Von Herbulis admitted in writing she should have kept Mr. Walters away from Ms. Doe.

103.    Defendants subjected Ms. Doe to a hostile work environment based on her sex.

104.    As an actual and proximate cause of Defendants' conduct, Ms. Doe suffered emotional distress, embarrassment, humiliation, and lost wages.

105.    Due to Defendants' intentional disregard of Ms. Doe's federally protected rights under Title VII, Ms. Doe seeks punitive damages, in addition to nominal and compensatory damages to compensate her for harm inflicted by Defendants, Ms. Doe seeks backpay with pre- and post-judgment interest, as well as compensation for emotional distress and repayment of her attorneys' fees and expenses.

## COUNT V
## CIVIL BATTERY

106.    Ms. Doe incorporates by reference paragraphs 11 to 48.

107.    In Virginia, the tort of battery is an unwanted touching which is neither consented to, excused, nor justified. *Koffman v. Garnett*, 574 S.E.2d 258, 261 (Va. 2003). Civil battery requires a showing of: (1) "an unwanted touching which is neither consented to, excused, nor justified; (2) that is "offensive"; and (3) that is "done in a rude, insolent, or angry manner." *Dao v. Faustin*, 402 F. Supp. 3d 308, 317 (E.D. Va. 2019).

108.    Mr. Walters subjected Ms. Doe to a touching that was neither consented to, excused, nor justified.

109.    Ms. Doe was extremely disturbed by Mr. Walters' touching.

110.    Mr. Walters' touching was offensive, insolent, and done in an inappropriate sexual manner.

111.    Ms. Doe did not consent to Mr. Walters' touching, immediately retreated from the area, and attempted to minimize any future contact with him.

112.    A reasonable female employee would be offended by a male employee discussing her breast size and then grabbing her breasts without consent.

113.    A reasonable female employee would be offended by a male employee rubbing or massaging her shoulders without consent.

114.    Mr. Walters committed a civil battery against Ms. Doe when he grabbed Ms. Doe's breasts.

115.    Mr. Walters committed a civil battery against Ms. Doe when he rubbed, massaged, or scratched Ms. Doe's head and shoulders after she informed him that touching was not wanted or consented to.

116.    Ms. Doe complained about Mr. Walters' conduct, but Defendants did nothing to investigate his unlawful touching or prevent it from occurring again, other than by terminating Ms. Doe.

117.    Defendants ratified or otherwise condoned Mr. Walters' conduct by failing to discipline Mr. Walters.

118.    Defendants are vicariously liable for Mr. Walters' conduct.

119.    As an actual and proximate cause of Defendants' conduct, Ms. Doe suffered physical injury, emotional distress, embarrassment, humiliation, and lost wages.

120.    Ms. Doe seeks nominal, compensatory, and punitive damages to compensate her for harm inflicted by Defendants. *Koffman v. Garnett*, 574 S.E.2d 258, 261 (Va. 2003) (permitting

plaintiff to pursue punitive damages since the court concluded he properly pled his civil battery claim). Ms. Doe seeks backpay with pre- and post-judgment interest, as well as compensation for emotional distress and repayment of her attorneys' fees and expenses.

### COUNT VI
### CIVIL ASSAULT

121.    Ms. Doe incorporates by reference paragraphs 11 to 48.

122.    In Virginia, a civil tort of assault occurs when one (1) engages in an act intended to cause either harmful or offensive contact with another person or apprehension of such contact (2) and that conduct creates in that other person's mind a reasonable apprehension of an imminent battery. See Restatement (Second) of Torts § 21 (1965)).

123.    For conduct to constitute assault, it must be intended to cause harmful or offensive contact or apprehension of that contact. The conduct must also cause an objectively reasonable apprehension of an imminent battery.

124.    Mr. Walters intended to cause harmful and offensive contact with Ms. Doe when he grabbed her breasts without her consent and after she had previously told him not to engage in such touching's.

125.    Mr. Walters intended to cause harmful and offensive contact with Ms. Doe when he massaged her head and shoulders without her consent.

126.    When Mr. Walters reached to touch Ms. Doe's breasts the second time, she had a reasonable apprehension that she was about to suffer an imminent battery (and did suffer an imminent battery).

127.    A reasonable female employee would be fearful that a male coworker who groped her sexually would repeat such an action.

128.    Mr. Walters subjected Ms. Doe to civil assault when he attempted to touch her, and touched her, after she told him not to touch her breasts or massage her head and shoulders.

129.    Ms. Doe complained about Mr. Walters' conduct, but Defendants did nothing to investigate his unlawful touching or prevent it from occurring again, other than by terminating Ms. Doe.

130.    Defendants ratified or otherwise condoned Mr. Walters' conduct by failing to discipline Mr. Walters.

131.    Defendants are vicariously liable for Mr. Walters' conduct.

132.    As an actual and proximate cause of Defendants' conduct, Ms. Doe suffered physical injury, emotional distress, embarrassment, humiliation, and lost wages.

133.    Ms. Doe seeks nominal, compensatory, and punitive damages to compensate her for harm inflicted by Defendants. Ms. Doe seeks backpay with pre- and post-judgment interest, as well as compensation for emotional distress and repayment of her attorneys' fees and expenses.

**COUNT VII**
**NEGLIGENT RETENTION**

134.    Ms. Doe incorporates by reference paragraphs 11 to 48.

135.    Virginia employers are liable "for harm resulting from the employer's negligence in retaining a dangerous employee who the employer knew or should have known was dangerous and likely to harm others." *Ingleson v. Burlington Med. Supplies, Inc.,* 141 F. Supp. 3d 579, 585 (E.D. Va. 2015).

136.    Defendants knew or should have known Mr. Walters was dangerous and likely to harm others.

137.    When Ms. Doe complained to Ms. Von Herbulis on August 19, 2022, about the multiple unwanted sexual touchings to which she was subject, Ms. Von Herbulis responded that

she "should have told" the manager to keep Ms. Doe out of the dish pit. This shows that Ms. Von Herbulis knew that Mr. Walters was a danger to Ms. Doe and other employees, yet she negligently retained Mr. Walters.

138.    Even after Ms. Von Herbulis admitted that continuing Mr. Walters' employment was a "good way to get sued," she continued to employ Mr. Walters.

139.    Mr. Atkins also frequently discussed with Ms. Doe how Mr. Walters was a "creep" and a "perv" before Ms. Doe complained about the unwanted sexual advances and touching's.

140.    It was common knowledge among Defendants' employees that Mr. Walters was a potential sexual predator. Ms. Doe and other employees discussed how Mr. Walters was a "perv" prior to Ms. Doe's complaints about Mr. Walters.

141.    Defendants negligently retained Mr. Walters despite their constructive knowledge (before Ms. Doe's complaints) and actual knowledge (after Ms. Doe's complaints) that he was a sexual predator preying on underage, female employees. *B.T. v. Silver Diner Dev., LLC,* No. 2:22CV94, 2022 WL 3372755, at *10 (E.D. Va. Aug. 16, 2022) (minor female employee was groped and sexually propositioned by older, male employee; survived motion to dismiss on negligent retention claim because company was aware of, and apologized for, inappropriate behavior).

142.    As an actual and proximate cause of Defendants' conduct, Ms. Doe suffered physical injury, emotional distress, embarrassment, humiliation, and lost wages.

143.    Ms. Doe seeks nominal, compensatory, and punitive damages to compensate her for harm inflicted by Defendants. Ms. Doe seeks backpay with pre- and post-judgment interest, as well as compensation for emotional distress and repayment of her attorneys' fees and expenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jane Doe respectfully requests that this Honorable Court enter judgment in her favor on all Counts of her Complaint and against Defendants and that she be awarded the following relief:

a.  Entry of judgment in favor of Plaintiff on all Counts.

b.  Award of back pay for Plaintiff against Defendants;

c.  Award of compensatory damages for Plaintiff against Defendants;

d.  Award of punitive or liquidated damages for Plaintiff against Defendants;

e.  Award of reasonable attorneys' fees and litigation costs and expenses for Plaintiff against Defendants;

f.  Award of pre and post judgment interest for Plaintiff; and

g.  Any other relief that this Court deems equitable, appropriate, and just.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Jane Doe hereby demands a trial by jury on all issues so triable.

Respectfully Submitted,

/s/Valerie A. Teachout
Valerie A. Teachout, Esq. (VSB 70887)
Ivey E. Best, Esq. (Applicant *pro hac vice*)
THE SPIGGLE LAW FIRM, P.C.
3601 Eisenhower Ave, Suite 425
Alexandria, Virginia 22304
V. Teachout Direct Line (571) 513-6942
Telephone: (202) 449-8527
Facsimile: (202) 517-9179
Email: vteachout@spigglelaw.com
        ibest@spigglelaw.com

*Counsel for Plaintiff Jane Doe*