IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **JANE DOE,** | |
| *Plaintiff,* | |
| v. | Case No.: 1:23-cv-01418-TSE-IDD |
| **MARCO'S FRANCHISING, LLC,** *et al.,* | |
| *Defendants.* | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO PROCEED UNDER PSUEDONYM, OR IN THE ALTERNATIVE, MOTION FOR LEAVE TO AMEND.**

COMES NOW Plaintiff, Jane Doe ("Plaintiff" or "Doe"), by and through her undersigned counsel, pursuant to Rule 5.2(e) of the Federal Rules of Civil Procedure[1], Plaintiff respectfully submits her Motion to Proceed Under Pseudonym, or in the alternative, Motion for Protective Order, and Memorandum in Support of and states the following:

**STATEMENT OF FACTS**

1. On October 18, 2023, Plaintiff filed her Complaint in this case.

2. In her Complaint, Plaintiff alleges discrimination based on her sex, retaliation, and civil assault and battery.

3. The Complaint contains allegations of sexual harassment including unwanted physical touching.

---

[1] The Court referenced FRCP 10 in its Order Granting in part and Denying in Part Defendant's Partial Motion to Dismiss, ECF 32, and in doing so, encouraged the filing of the instant motion. Counsel asks that this Court take "filing under protective order" and "filing under pseudonym" as one in the same.

4. At the time of the actions that gave rise to this Complaint, Plaintiff was a minor child working at a part-time position with Defendant. Plaintiff was not in a position to legally consent to any of the wrongful, abusive or unlawful action taken against her.

5. Plaintiff maintains friendships with some of the coworkers from the time described in the Complaint.

6. Through no fault of her own, Plaintiff's mental health has suffered as a result of the underlying matter and would continue to suffer if her former coworkers, as well as new friends, were to learn of the allegations set forth in the Complaint. Plaintiff is further fearful as to what impact this matter would have on her future employment and her entire future.

## LEGAL STANDARD

Generally, the names of parties to a case must be disclosed. Fed. R. Civ. P. 10(a). There is a long-standing presumption of openness in judicial proceedings. *See* Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 576 (1980). Although the general presumption of openness of judicial proceedings applies to party anonymity as a limited form of closure, it operates only as a presumption and not as an absolute, unreviewable license to deny. James v. Jacobson, 6 F.3d 233, 238 (4th Cir. 1993) (internal citation omitted). While embarrassment or harassment are generally insufficient to demonstrate a retaliatory harm Yacovelli v. Moeser, No. 1:02cv596, 2004 WL 1144183, at *7 (M.D.N.C. May 20, 2004), cases involving allegations of sexual misconduct have proceeded under a pseudonym to protect the mental health of a party. *Cf.* Doe v. The Rector & Visitors of George Mason Univ., 179 F. Supp. 3d 583, 594 (E.D. Va. 2016). To determine whether a plaintiff may proceed under a pseudonym, the court must consider the following five factors, Doe v. Kuhn, No. 7:23-CV-209, 2023 WL 4687209, at *2 (W.D. Va. July 21, 2023 (quoting James v. Jacobson, 6 F.3d at 238).

2

These factors include: i). whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; ii). whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; iii). the ages of the persons whose privacy interests are sought to be protected; iv). whether the action is against a governmental or private party; and v). the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously. Id. Each factor may not be relevant in every case. Doe v. Alger, 317 F.R.D. 37, 39 (W.D. Va. 2016).

## ANALYSIS

Plaintiff has compelling concerns related to her personal privacy and confidentiality to "warrant some degree of anonymity" in these proceedings. See Doe v. Pub. Citizen, 749 F.3d 246, 273 (4th Cir. 2014). This Court has held "[w]here the issues involved are matters of a sensitive and highly personal nature, . . . the normal practice of disclosing the parties' identities yields to a policy of protecting privacy in a very private matter." Candidate No. 452207 v. CFA Inst., 42 F. Supp. 3d 804, 807 (E.D. Va. 2012) (quoting Wynne & Jaffe, 599 F.2d at 712–13). While a minor, Plaintiff experienced sexual assault at the hands of an adult coworker, and then experienced retaliation from her employer when she reported them. These facts are sensitive and highly personal in nature and will likely be discussed in depth during trial. As the Kuhn Court discusses, cases "allowing anonymity to protect mental health and academic records often involve allegations of sexual misconduct . . . ." Doe v. Kuhn, No. 7:23-CV-209 at *2 (referencing The Rector & Visitors of George Mason Univ., 179 F. at 594).

Ms. Doe has already experienced retaliation for reporting the sexual assault, in that she was terminated from her position with Defendants. Plaintiff fears future retaliation from Walters

and her peers for reporting the sexual assault, including social media retaliation Plaintiff is now nineteen (19) years old, however, unlike in Kuhn, No. 7:23-CV-209 at *3, not all parties were adults at the time of the sexual assault; Plaintiff was a minor when it occurred. Further disclosure of the abuse she suffered as a minor will adversely affect her mental health, employment opportunities and future overall.

All parties involved are non-governmental parties. While some courts seem more likely to allow a Plaintiff to proceed anonymously when the defendant "challenges a government or government activity," Doe v. Virginia Polytechnic Inst. & State Univ., No. 7:19-CV-00249, 2020 WL 1287960, at *4 (W.D. Va. Mar. 18, 2020), others have found that the public interest in open disclosure is higher when the defendant is the government. *See* Doe v. Pub. Citizen, 749 F.3d at 274.

There will be no unfairness to any Defendant, as they likely know the identity of Ms. Doe. *See* Smith v. Towson Univ., No. CV JRR-22-2998, 2022 WL 18142844, at *3 (D. Md. Nov. 30, 2022), aff'd, No. 22-2319, 2023 WL 3053034 (4th Cir. Apr. 24, 2023) (holding that the use of a pseudonym was not unfair "because defendant is fully aware of plaintiff's identity"); James v. Jacobson, 6 F.3d at 238 (quoting Doe v. United Services Life Ins. Co., 123 F.R.D. 437 (S.D.N.Y.1988) in stating there is no unfairness to defendant who was aware of claimant's true identity). As alleged, the facts are that the adults (Owners and Operators of Marco) failed to protect the Plaintiff while she was a minor in their employment from sexual harassment, and sexual assault. Furthermore, Defendant chose to terminate her while keeping the alleged perpetrator employed. Surely, the granting of the Motion to file Under Pseudonym or for Protective Order will not prejudice the Defendant in any manner. The Defendant will incur no harm if the Plaintiff's

4

identity is protected, but the Plaintiff will be properly shielded due to harm she sustained while a minor.

## CONCLUSION

WHEREFORE for the foregoing reasons, Plaintiff Jane Doe respectfully requests that the Court GRANT her motion to file under pseudonym, and enters a protective order as to the same, or in the alternative, GRANT her motion for leave to amend her complaint to fall in compliance with FRCP 10.

Date: January 18, 2024

Respectfully submitted,

*/s/Samantha Vanterpool Rucker*
Samantha Vanterpool-Rucker, Esq. (VSB 41131)
Francisco Mundaca, Esq. (VSB 96073)
THE SPIGGLE LAW FIRM, P.C.
3601 Eisenhower Ave, Suite 425
Alexandria, Virginia 22304
Telephone: (202) 449-8527
Facsimile: (202) 517-9179
E-Mail: svanterpool@spigglelaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 18th day of January 2024, a true copy of the foregoing was served via electronic mail through the CM/ECF Pacer eFiling portal to the following:

Ondray T. Harris, Esq.
Gordon Rees Scully Mansukhani, LLP
5425 Discovery Park Blvd., Suite 200
Williamsburg, VA 23188
oharris@grsm.com

***Counsel for Defendant Piece of the Pie, LLC d/b/a Marco's Pizza***

                                                */s/Samantha Vanterpool Rucker*
                                                Samantha Vanterpool Rucker, Esq.